IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WEST JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2306-N-BN |
| | § | |
| ANGELINA MEADE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

James West, Jr., proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that representatives of the law firm representing him in a child support enforcement proceeding, a Dallas County Assistant District Attorney, two judges involved in the proceeding, and the Public Defender's Office are responsible for violating his right to counsel, interfering with his attempt to terminate his parental rights, and denying a paternity test. On June 19, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates

that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. Then Court then sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on July 9, 2013. *See* Dkt. No. 8.

In his complaint and interrogatory responses, Plaintiff generally accuses two family court magistrate judges and an assistant district attorney of refusing his request for court-appointed counsel, which has prevented him from filing a counter-suit against the mother of his child and obtaining a DNA test. *See* Dkt. No. 3 at 4; *see also* Dkt. No. 7; Dkt. No. 8 at Questions 1, 4, & 6. He also appears to seek monetary damages against the Public Defender's Office and the Viencent Law Firm, whose representatives allegedly harmed his case in family court by taking his money and failing to provide representation. *See* Dkt. No. 3 at 4; Dkt. No. 8 at Questions 5 & 7. By this lawsuit, Plaintiff seeks monetary damages, the release from custody, and an order requiring a paternity test be administered. *See* Dkt. No. 3 at 4; Dkt. No. 8 at Question 2.

The undersigned now determines that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

>    (ii)    fails to state a claim on which relief may be granted; or
>
>    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a

cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Initially, Plaintiff cannot sue his defense attorney or the state judges for civil rights violations. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). To the extent that Plaintiff wishes to sue the Viencent Law Firm itself, that defendant is also not a state actor and cannot be sued for civil rights violations under 42 U.S.C. § 1983. *See Castro Romero v. Becken,* 256 F.3d 349, 355 (5th Cir. 2001); *see also Watson v. Clark*, No. 1:07-cv-30, 2007 WL 1170735, at *1-*2 (E.D. Tex. Apr. 18, 2007). And, to the extent that Plaintiff may be trying to allege that his attorneys conspired with certain state actors to deprive Plaintiff of his constitutional rights, his conclusory allegations are insufficient to withstand dismissal for failure to state a claim. *See Mills*, 837 F.2d at 679.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature

or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). Plaintiff's only specific allegations against the two magistrate judges are that they would not appoint counsel or order a DNA test to determine the paternity of B.W. *See* Dkt. No. 8 at Question 4. The consideration of a motion to appoint counsel is a judicial act for which a judge is entitled to absolute immunity. *See Spence v. Hood,* 170 F. App'x 928, 930 (5th Cir. 2006); *see also DeLeon v. City of Haltom City,* 106 F. App'x 909, 912 (5th Cir. 2004). Plaintiff's allegations regarding the denial of DNA or paternity testing, too, arise out of acts solely performed in the exercise of the judges' judicial functions and are therefore barred by absolute immunity. *See Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir. 1993). Accordingly, these claims should be summarily dismissed with prejudice as frivolous. *See Boyd*, 31 F.3d at 285.

Plaintiff has also failed to state a claim against the assistant district attorney that prosecuted his child support case. It is well-settled that prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976). When asked to set forth his claims against this defendant, Plaintiff stated,

> Viencent Law Firm fail to represent me rightfully by law and D.A. General Jim Hamlin is helping to violating my right to enforce a DNA & surrender my father right to Brittan R. West I haven't seen in 7 years.

Dkt. No. 8 at Question 6. To the extent that this statement alleges any wrongdoing at

all, it appears to challenge conduct taken within the scope of the prosecutor's professional duties. Accordingly, the prosecutor is protected by absolute immunity.

Plaintiff appears to allege that he has been wrongfully detained for contempt of court. *See* Dkt. No. 8 at Questions 8, 9, 10, & 11. In *Heck v. Humphrey,* the Supreme Court held that a state prisoner cannot bring a Section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* bar applies to convictions for civil contempt. *See, e.g.*, *Lewis v. City of Waxahachie,* 465 F. App'x 383, 385 (5th Cir. 2012); *see also Fields v. Leonard*, No. 3:06-cv-115-L*,* 2006 WL 488690, at \*1-\*2 (N.D. Tex. Feb. 28, 2006). Here, Plaintiff concedes the finding of contempt of court has not been reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 8 at Questions 10 & 11. Accordingly, any challenge to the contempt finding should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

**Recommendation**

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE